UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rickie Allen Kirchner,  Civil No. 10-3263 (PAM/LIB)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

Michael J. Astrue,
Commissioner of Social
Security,

          Defendant.

---

This matter is before the Court because Plaintiff Rickie Allen Kirchner seeks judicial review of the Commissioner of Social Security's denial of disability insurance benefits under 42 U.S.C. § 405(g). The parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Leo I. Brisbois under 28 U.S.C. § 636 and Local Rule 72.1. The Magistrate Judge issued a Report and Recommendation ("R&R") on June 1, 2011, recommending that Plaintiff's Motion be granted in part and denied in part and that the case be remanded for further proceedings, and that Defendant's Motion be denied.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R in part.

**BACKGROUND**

The Court adopts the factual background set forth in detail in the R&R. Plaintiff filed

an application for disability insurance benefits on June 27, 2006, alleging a disability onset date of October 20, 2004. His application was denied both initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ") who subsequently rendered an unfavorable decision on February 26, 2009. After the Social Security Appeals Council denied his request for review on June 4, 2010, Plaintiff initiated this action on July 30, 2010.

The matter was initially referred to the Magistrate Judge, who issued the aforementioned R&R. In the R&R, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be granted in part, and that this action be remanded for further examination of whether Plaintiff meets or equals the disability defined in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 4.11(B). (R&R at 18.) Additionally, the Magistrate Judge found that, on remand, if Plaintiff is found not to have met or equaled the disability in Listing 4.11(B), the ALJ must address the opinion of the consultative examiner Dr. Ward Jankus. (R&R at 22-23.) Defendant submitted timely objections to these recommendations.

**DISCUSSION**

In reviewing the Commissioner of Social Security's denial of disability insurance benefits, a court's role "is limited to determining whether [the Commissioner's decision] is supported by substantial evidence on the record as a whole." Moad v. Massanari, 260 F.3d 887, 890 (8th Cir. 2001) (citation omitted). "Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support

2

the conclusion." Id. The Court "'must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but [the Court] may not reverse merely because substantial evidence exists for the opposite decision.'" Id. (quoting Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996)).

The Commissioner's decision, as it did here, must follow the prescribed five-step, sequential analytical framework. See 20 C.F.R. § 404.1520(a)(4). According to that framework, the Commissioner determines:

> (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform.

Fines v. Apfel, 149 F.3d 893, 894-95 (8th Cir. 1998) (citation and internal quotation marks omitted). As noted above, Defendant objects to two findings in the R&R; those objections will be addressed in turn.

**A.     Whether Plaintiff Meets or Equals Listing 4.11(B)**

The third prong of the sequential analytical framework requires the Court to determine whether Plaintiff's impairment "meets or equals a presumptively disabling impairment listed in [Listing 4.11(B)]." Id. at 895. Accurate determination of this prong is vital because, as noted above, if Plaintiff satisfies the test then he "is disabled without regard to age,

education, and work experience." Id. In other words, the fourth and fifth prongs of the test are rendered moot if Plaintiff's impairment satisfies the third prong, and Plaintiff would be entitled to disability insurance benefits. Plaintiff contends that his impairment satisfies the Listing 4.11(B) criteria.

To meet or equal Listing 4.11(B), Plaintiff must demonstrate that his impairment consists of "[c]hronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and . . . [s]uperficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment." 20 C.F.R. Part 404, Subpart P, App. 1, § 4.11(B). It is undisputed that Plaintiff had chronic venous insufficiency and stasis dermatitis during the relevant time period, however, the record does not reflect either the recurrence or persistence of ulceration or Plaintiff's prescribed treatment. Indeed, in finding against Plaintiff on this prong, the ALJ noted that, "[a]lthough [Plaintiff's] impairments are severe, the record does not support a finding that they meet or equal the requirements of an section of the Listing of Impairments." (Admin. R. at 10.) The ALJ did not provide any explanation for this finding, which further highlights the threadbare record on this issue.

According to Defendant, the lack of support for Plaintiff's impairment in the record settles the issue, because Plaintiff "failed to satisfy his burden of proving that his impairment met or equaled Listing 4.11(B)." (Def.'s Obj. at 3 (citations omitted).) But as the Magistrate Judge observed, less than a month before Plaintiff's alleged disability onset date of October 4, 2004, one of Plaintiff's physicians, Dr. John Goeppinger, noted the following: "Changes

of venous stasis dermatitis in both [Plaintiff's] legs. There for a long time." (Admin. R. at 185.) Subsequent physicians' notations over the next two years include references to more "changes" in his venous stasis dermatitis that were treated with cream and eventually healed. (Id. at 222, 229, 266, 293, 301.)

It is not clear what these "changes" are, nor is it clear how long Plaintiff's venous stasis dermatitis lasted before being successfully treated. As the Magistrate Judge pointed out, "[t]he 'changes' could have been ulcerations, and if they were 'there for a long time,' they could have been 'recurrent' or 'persistent' as defined under the regulations." (R&R at 17; see also 20 C.F.R. Part 404, Subpart P, App. 1, § 4.00(A)(3)(b)-(c) (defining "persistent" and "recurrent").) It is therefore possible that, for at least a portion of the period following Plaintiff's alleged onset date, Plaintiff met or equaled Listing 4.11(B).

This conclusion merely prompts the question of whether such a possibility is enough to adopt the Magistrate Judge's recommendation to remand this case. As Defendant states, the Plaintiff bears the burden of proving that his "impairment meets or equals a listing." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). But in a social security proceeding, the matter is not foreclosed simply because the record is muddled on the gravity and length of Plaintiff's impairment. Indeed, the Eighth Circuit has recognized that, in light of such proceedings' non-adversarial nature, "[a]n ALJ bears a responsibility to 'develop the record fairly and fully, independent of the claimant's burden to press his case.'" Cox v. Astrue, 495 F.3d 614, 618 (8th Cir. 2007) (quoting Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004)). Without further clarification, the Court cannot reconcile the ALJ's decision with

substantial evidence on the record as a whole. This case must therefore be remanded.

**B.     Dr. Jankus's Opinion**

The Magistrate Judge also found that the ALJ erred "by not discussing why he disagreed with [consultative physician] Dr. Jankus'[s] assessment [of Plaintiff's work restrictions]." (R&R at 19.) Thus, the Magistrate Judge recommended that the Court instruct the ALJ to address this finding, which implicates the fourth prong of the sequential analytical framework, on remand if the ALJ again found that Plaintiff failed to satisfy the third prong.

The Magistrate Judge singled out Dr. Jankus's statement that he did not "doubt at all that [Plaintiff] does do much better if [Plaintiff] is up walking and moving than just sitting or stuck standing in one spot" (Admin. R. at 258), as being consistent with Plaintiff's testimony that he is limited to jobs that allow him to "get up and walk." (Id. at 42.) Further, the Magistrate Judge noted that "[n]one of the hypothetical questions the ALJ posed to the [vocational expert] included a requirement that [Plaintiff] must be able to walk for an eight-hour shift, as opposed to sitting or standing in one place at will." (R&R at 20.) Defendant objects and argues that the ALJ did not reject Dr. Jankus's opinion, but rather considered it in light of other testimony, limiting Plaintiff's residual functional work capacity accordingly.

The ALJ did not discuss Dr. Jankus's opinion in his decision and gave substantial weight to two reviewing state agency physicians because they were consistent with the record as a whole. (Id. at 10.) Those physicians opined that Plaintiff "could lift and carry as much as fifty pounds occasionally and twenty-five pounds frequently . . . , could never climb ladders, ropes, or scaffolds and could only occasionally climb ramps and stairs . . . ,

6

could only occasionally stoop, kneel, crouch or crawl . . . , and should avoid even moderate exposure to hazards including machinery and heights." (Id.) In addition to accepting these restrictions, the ALJ placed even greater restrictions on Plaintiff's residual functional capacity, including a restriction on driving and operating heavy machinery. (Id. at 11.)

At the outset, the Court is hard-pressed to call Dr. Jankus's non-committal statement an "opinion." But even assuming that it is, neither of the state agency physicians' opinions contradicts Dr. Jankus's opinion. Further, the hypothetical question that the Magistrate Judge would have the ALJ pose to the vocational expert regarding Plaintiff's supposed requirement to walk for an eight-hour shift is not consistent with Dr. Jankus's opinion. Indeed, Dr. Jankus never articulated an exact amount of time that Plaintiff needed to be "up walking and moving." Moreover, Dr. Jankus never stated that Plaintiff could not perform at a job that required him to sit in one place; he merely stated that Plaintiff "do[es] much better" if he walks around periodically. Such ambiguity in Dr. Jankus's statement means that this Court may "not reverse [because] 'the ALJ's decision falls within the available zone of choice.'" Heino v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009) (quoting Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008)). The ALJ did not err by not mentioning Dr. Jankus's opinion in his decision or refusing to include a walking requirement in the hypothetical that was posed to the vocational expert. That issue will not be remanded.

**CONCLUSION**

This matter must be remanded for clarification of the record concerning Plaintiff's ability to meet or equal Listing 4.11(B). Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 18) is **ADOPTED in part and REJECTED in part** as set forth above;

2. Plaintiff's Motion for Summary Judgment (Docket No. 10) is **GRANTED in part and DENIED in part**;

3. Defendant's Motion for Summary Judgment (Docket No. 13) is **DENIED**; and

4. Under 42 U.S.C. § 405(g), this matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Order.

Dated: <u>Tuesday, June 28, 2011</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge