UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RICKIE ALLEN KIRCHNER, | 10-3263 (PAM/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Rickie Allen Kirchner requests attorney fees pursuant to the Equal Access to Justice Act from the Commissioner of Social Security ("Commissioner"). The matter was referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Plaintiff's motion for attorney fees be GRANTED.

I.   BACKGROUND

The Court adopts the factual background set forth in detail in the Report and Recommendation issued on June 2, 2011. [Docket No. 18]. Plaintiff filed an application for disability insurance benefits on June 27, 2006 which was denied. Plaintiff then requested a hearing before an administrative law judge ("ALJ") who issued an unfavorable decision on February 26, 2009. The Appeals Council denied review. Plaintiff initiated this action on July 30, 2010.

In the Report and Recommendation, the undersigned recommended that the Plaintiff's Motion for Summary Judgment be granted in part, and that this action be remanded for

additional examination into whether the Plaintiff meets or equals the disability defined in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 4.11(B). The Court further noted that if on remand the Plaintiff is found not to have met or equaled the disability in Listing 4.11(B), then the ALJ must discuss the opinion of Dr. Ward Jankus. District Court Judge Paul Magnuson affirmed the Report and Recommendation in regards to whether the Plaintiff met the disability in Listing 4.11(B), but overturned the portion of the Report and Recommendation instructing the ALJ to address the opinion of Dr. Jankus. Subsequently, on July 19, 2011, the Plaintiff brought the present motion seeking attorney's fees under the Equal Access to Justice Act ("EAJA").

## II.   STANDARD OF REVIEW

Under the EAJA, district courts have the authority to award costs and attorney fees to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order to obtain an award pursuant to the EAJA, a party

> shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff bears the burden of establishing that it was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). Once a party establishes that he was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008). "[F]ees are not to be awarded just because the Secretary lost the case." Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987)(citing Jackson v. Bowen, 807 F.2d 127, 128-29 (8th Cir. 1986)). "A substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Bah, 548 F.3d at 683-84 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988)). Moreover, the Commissioner must show that his "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).

Because the substantial justification standard is more lenient, "[t]he Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole." Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991)(citing Brouwers, 823 F.2d at 275). However, "[t]he fact that the government may have prevailed upon most of the issues raised by plaintiff does not mean that the government's position was 'substantially justified' if the government's position was unreasonable as to the issue which required a remand of the decision to deny benefits." Wait v. Astrue, 495 F.Supp.2d 1131, 1133 (D.Kan. 2007)(citing Hackett v. Barnhart, 475 F.3d 1166, 1173 n. 1 (10th Cir. 2007); see also, Halverson v. Astrue, 2009 WL 2256380 at *4 (D.Minn. July 28, 2009)(same); Rodgers v. Astrue, 2011 WL 721528 at *3 (D.Minn. Feb. 3, 2011)(same). Where the agency disregards evidence, bases its decision on slight evidence, or fails to fully develop the record, its position will not be

substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764-65 (8th Cir. 2003). A plaintiff may recover fees under the EAJA if a case has been remanded to the SSA. Pottsmith v. Barnhart, 306 F.3d 526, 529 (8th Cir. 2002).

### III. DISCUSSION

The Government agrees that the Plaintiff was the prevailing party in this action. However, the Commissioner contends that his position was substantially justified. The Court finds that the Commissioner has not sustained his burden of demonstrating that his position was substantially justified.

The Court will not reiterate in detail our analysis of the ALJ's decision, as this would be duplicative of our prior Report and Recommendation. In the Report and & Recommendation, the Court found that more evidence was needed to determine whether the Plaintiff met or equaled Listing 4.11(B) for "chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least three months of prescribed treatment." (R & R, p. 16 (citing 20 C.F.R. § 404, Appendix 1, Subpart P, § 4.11)). The Court noted that to meet or equal listing 4.11B the Plaintiff had to demonstrate that he had "either recurrent ulceration or a persistent ulceration that had not healed following three months of prescribed treatment." Id.

In evaluating whether the Plaintiff made such a showing, the Court noted that the "record includes some evidence to suggest that Kirchner may have met or equaled the listing, at least for a closed period." (R & R, p. 18). The Court further reasoned that,

> the ALJ did not give any explanation for his determination that Kirchner did not meet or equal listing 4.11B. On this record, because it is unclear whether the "changes" to Kirchner's stasis dermatitis were ulcerations, the Court cannot determine whether substantial evidence on the record as a whole supported the ALJ's determination. There

is a gap from September 10, 2004, when Dr. Goeppinger noted that Kirchner had changes with stasis dermatitis that were there for a long time, and the next record in January 2006, where the "changes" of his stasis required treatment.

Id. Thus, the Court remanded the case because the record was incomplete regarding whether the Plaintiff met the 4.11(B) listing. Subsequently, the District Court upheld the decision of the Magistrate Judge and determined that

> in a social security proceeding, the matter is not foreclosed simply because the record is muddled on the gravity and length of Plaintiff's impairment. Indeed, the Eighth Circuit has recognized that, in light of such proceedings' non-adversarial nature, an ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case.

(Ord., p. 4) (quotations and citations omitted).

Thus, in this case, the issue triggering remand was the ALJ's failure to adequately develop the record and obtain more information regarding whether the Plaintiff met the 4.11(B) listing. In social security cases, the ALJ clearly has a duty to fully develop the record and seek clarification if a crucial issue is undeveloped or underdeveloped. See Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010) (noting that "well settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (holding that the ALJ has a duty to fully develop the record regarding the claimant's impairments, which includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped). Moreover, in the context of motions for fees under the EAJA, courts have found that a failure to fully develop the record is not substantially justified. Dini v. Astrue, 2010 WL 153681at *2 (D. Minn. Jan. 11, 2010) (finding "where the agency disregards evidence, bases its decision on slight evidence, or fails to fully develop the record, its position will not be substantially justified").

Thus, because the ALJ failed to completely develop the record in this case, the Court finds that the Commissioner's position was not substantially justified and determines that the Plaintiff is entitled to attorneys fees.

Having determined that an award of attorney fees is appropriate, the Court next turns to the amount of fees to be awarded to the Plaintiff. The Plaintiff asks for fees to be awarded based on a $175.00 hourly rate.  Generally, attorney fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fees." 28 U.S.C. § 2412(d)(2)(A).   Here, the Defendant does not challenge the requested hourly rate of $175.00.  Additionally, the Court finds that the increase in the cost of living based on the Consumer Price Index and counsel's customary rate of $250.00 justifies an hourly rate of $175.00.  Likewise, the Defendant does not challenge the 29.30 hours billed by the Plaintiff. Moreover, the Court finds that the time spent on the case by Plaintiff's attorney was reasonable. The Defendant does not object to the $350.00 filing fee sought by the Plaintiff which is also authorized by 28 U.S.C. § 1920.  Consequently, the Court recommends an award of $5,240.00 in attorneys fees and $350.00 in costs to be awarded to the Plaintiff.

Finally, the Commissioner notes that an EAJA award is generally payable to the prevailing party, not the attorney even if the Plaintiff has executed an assignment assigning all attorneys fees to be paid directly to his attorney.  The Court agrees.  As this Court has previously stated in Vossen v. Astrue, 2011 WL 1322099, at *2 (D. Minn. Apr. 7, 2011), the Court "may not sua sponte honor Plaintiff's assignment."  Such an assignment "not only violates the plain language of the EAJA—'a court shall award to a prevailing party ...,' 28 U.S.C. § 2412(d)(1)(A) (emphasis added)—but it also would allow Plaintiff to avoid any offset that may be lawfully

withheld by Defendant." Id. at *1   As such, the attorneys fees must be awarded directly the Plaintiff.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

> 1. **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Attorneys Fees [Docket No. 23] be **GRANTED**.

Dated:  November 21, 2011               s/Leo I. Brisbois
                                        LEO I. BRISBOIS
                                        United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by December 5, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.