UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rickie Allen Kirchner,                                          Civ. No. 10-3263 (PAM/LIB)

                Plaintiff,

v.                                                              **ORDER**

Michael J. Astrue,
Commissioner of Social Security,

                Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated November 21, 2011. (Docket No. 31.) In the R&R, Magistrate Judge Brisbois recommends that Plaintiff's Motion for Attorney's Fees be granted. Magistrate Judge Brisbois also recommends that the fees and costs be paid directly to Plaintiff, rather than to Plaintiff's counsel. Plaintiff filed limited objections to the R&R, challenging only the recommendation that the fees and costs be paid directly to Plaintiff rather than to his attorney. Defendant does not object to any portion of the R&R. (Docket No. 32.)

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a

prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action. . . ." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has "long held that the term prevailing party in fee statutes is a term of art that refers to the prevailing litigant." Astrue v. Ratliff, 130 S.Ct. 2521, 2525 (2010) (citation omitted). Thus, despite an attorney's "beneficial interest or . . . contractual right," the EAJA clearly requires payment of fees and costs directly to the prevailing litigant. Id. at 2526-27.

Plaintiff assigned his interest in the monetary award to his attorney and now argues that the award should be paid directly to his attorney. (Docket Nos. 26, 33.) The Court notes, however, that honoring this assignment violates the plain language of the EAJA—"a court shall award to a prevailing party. . . ." 28 U.S.C. § 2412(d)(1)(A) (emphasis added); see Vossen v. Astrue, No. 07-1567, 2011 WL 1322099, at *2 (D. Minn. Apr. 7, 2011). Accordingly, Plaintiff's objection must be overruled.

**CONCLUSION**

Plaintiff's award of fees and costs may not be paid to his attorney. Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 31) is **ADOPTED**;

2. Plaintiff's Motion for Attorney Fees (Docket No. 23) is **GRANTED**; and

3. Defendant shall remit fees and costs in the amount of $5,590.00 directly to Plaintiff within 30 days from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 8, 2011

                                                *s/ Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge